Pratt, J.
The rules require that a case shall state the evidence in narrative form and that only the exceptions to be reviewed shall be presented.
It is evident that the parties have given an exact transcript of the stenographer’s minutes thus imposing upon the court the labor of reading a large amount of unnecessary matter which ought not to be in the case.
This method of settling a case cannot be too severely criticised as it shows either ignorance of the practice or a willful disregard of the rules established for the convenient and orderly disposition of the business of the general term.
The questions raised by this appeal are few and simple. The case was submitted to the jury under an unexceptionable charge and the verdict cannot be said to be excessive in amount under the evidence.
The first exception relied upon by the defendant of at folio 164, where proof of a similar injury by the same machine to another person was offered in evidence and received under objection.
The object of this proof was to show that the machine was defective for so long a time prior to the accident to the plaintiff that the defendant might be presumed to know of its defective character. In this view we think the evidence was proper. Loftus v. Union Ferry Co., 84 N. Y., 455.
The question did not call for the particulars of another transaction and they were not given, but simply to show that this same machine had exhibited the same defect resulting in a similar injury at a time long previous to the occasion under investigation and about which there was no dispute.
*848 It is not material now to discuss the question whether a nonsuit might not properly have been granted at the close of plaintiff’s case as the plaintiff, if the case proceeds, has a right to insist upon any proof supplied during the trial to sustain the denial of a nonsuit, and there was abundant ■evidence before the close of the trial to warrant a submission of the case to the jury.
As the case stood, the jury might infer that the machine was in a defective and unsafe condition and not properly fastened and secured in its place.
It is true that two witnesses expressed the opinion that "the press was safer with open slats to allow the table to be lifted out of its position, but this was not controlling and "the jury had a right to disregard their testimony.
The table fell or tipped out of its place and the plaintiff’s leg thereby became entangled in the place where it was injured, and the evidence of the defendant’s expert showed that in such way the injury might have occurred.
This evidence, taken in connection with the other circumstances, was amply sufficient to take the case out of the rule laid down in Losee v. Buchanan (51 N. Y., 476).
The question as to the contributory negligence of the plaintiff was properly submitted to the jury.
The rule as to a master’s liability was clearly stated in the charge and as favorably to the defendant as the facts warranted.
We have examined the other exceptions taken, but find no error sufficient to warrant a reversal of the judgment.
Judgment affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.